SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
SEAN DUNNE, as Parent, sole disinterested guardian, primary custodian and next friend to the DUNNE CHILDREN

                      Plaintiffs

-against-

JOHN DUNNE

                      Defendant.
-------------------------------------------------------------------X

Index No.

**SUMMONS**

Basis of Venue: CPLR 509

To the above-named Defendant:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED and required to service on Plaintiffs an answer to the Verified Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York.

PLEASE TAKE FURTHER NOTICE that should you fail to answer or appear, a judgment will be entered against you by default for the relief in the Verified Complaint together with the costs and disbursements of this action.

Dated: New York, New York
        January 30, 2020

                          DUNNINGTON BARTHOLOW & MILLER LLP
                          *Attorneys for Sean Dunne as Parent, sole disinterested guardian, primary custodian and next friend to the Dunne Children*

                      By:   _s/Luke McGrath_____
                            Luke McGrath
                            230 Park Avenue, 21st Floor
                            New York, New York 10169
                            (212) 682-8811
                            LMcGrath@Dunnington.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
SEAN DUNNE, as Parent, sole disinterested guardian,
primary custodian and next friend to the DUNNE
CHILDREN

                                  Plaintiffs

   -against-

JOHN DUNNE

                                  Defendant.
-----------------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

TO THE SUPREME COURT OF THE STATE OF NEW YORK:

      The below Verified Complaint brought on behalf of John Does 1-4 (the "Dunne Children" or "Plaintiffs") (under the age of 18) by their father, sole disinterested guardian, primary custodian and next friend demonstrates and alleges as follows:

**PRELIMINARY STATEMENT**

      This case is brought on behalf of the Dunne Children, who are all minors, against John Dunne ("Defendant"), who is 32 years old and their half brother. John Dunne is about to transfer, dissipate and diminish all assets held in a specific fund of moneys held by Yesreb Holdings Ltd. (the "Specific Fund"). Contemporaneous with this Verified Complaint, Plaintiffs are seeking injunctive relief to stop Defendant from spoliating, transferring and depleting that specific fund—because after that asset is gone, the Dunne Children will be left with nothing and no means to seek recompense. While no liability has been found as to John Dunne, he seeks to use the Specific Fund to settle a claim against him and Gayle Killilea Dunne ("GKD") even though the Specific Fund is owed to a trust for the benefit of the Dunne Children (who are also owners of Yesreb).

## PARTIES

1. The Plaintiffs herein are residents of London, England. Two of the children live full-time with their father, Sean Dunne, while the other two children are part-time with each parent (Sean Dunne and GKD).

2. The Defendant herein, John Dunne, is a resident of the State of New York residing at 232 Mott Street, New York, New York 10012.

3. Defendant John Dunne is the sole Director of an entity known as Yesreb Holding Limited ("Yesreb") and also holds shares of Yesreb in trust for the benefit of Plaintiffs.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter and venue is proper in New York County because Defendant resides in New York County.

## FACTS

5. The Dunne Children are under the age of 18 and cared for by their father in London while their half-brother, John Dunne, was intended to act for their benefit as a Director of Yesreb. Attached hereto as **Exhibit A** is an Irish Tax Appeals Commission Determination that provides context.

6. Yesreb's only asset is the Specific Fund. It owes monies to the Dunne Children's trust.

7. John Dunne is a named Defendant in proceedings in Connecticut along with Sean Dunne and GKD.

8. John Dunne and GKD are not related (John's father is Sean but Gayle is not his mother, but his step-mother).

9. John Dunne and GKD are currently negotiating a resolution to claims against them for monetary damages in Connecticut (the "GKD Settlement").

10. GKD has professed to Sean Dunne that she intends to use the Specific Fund to pay monies toward settling the claims against John Dunne and herself. John Dunne is in the process of following GKD's wishes..

11. Upon information and belief gathered from conversation with GKD and others, the Settlement is to be concluded this week or next and the monies funding the Settlement are in part, all the assets of Yesreb (i.e. the Specific Fund).

12. If the Specific Fund is depleted, transferred and spoliated—including being used to fund the GKD Settlement, the Dunne Children will be robbed of the benefits owed them.

13. The Dunne Children will have no recourse and a monetary judgment here will be worth nothing as it will be unenforceable against Yesreb or any other person.

14. Accordingly, the only just and fair resolution here is that the Specific Fund *not* be used to fund the GKD Settlement, that GKD fund the GKD Settlement with her own funds (of which she has ample), and that the monies set aside in trust for the benefit of the Dunne Children remain in Yesreb and held for the benefit of the Dunne Children only.

## AS AND FOR A FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT

15. Plaintiffs re-allege and reassert each of the aforementioned paragraphs of this Verified Complaint as if fully set forth herein.

16. There is a case and controversy as to Defendant's rightful exercise of power in seeking to use the Specific Fund to pay a settlement for which only he and GKD benefits at the expense of the Dunne Children.

17. There are ample assets held by GKD to fund any settlement and it is inherently unjust to steal from the Specific Fund to pay the settlement of a case in which Yesreb and the Specific Fund are in no way implicated.

18. Therefore, Plaintiffs seek a Declaratory Judgment that the Specific Fund should be held and used only for the benefit of the Dunne Children and, as necessary, a Court Officer be appointed to ensure the Specific Fund is not used inappropriately.

## AS AND FOR A SECOND CAUSE OF ACTION

### INJUNCTIVE RELIEF

19. Plaintiffs re-allege and reassert each of the aforementioned paragraphs of this Verified Complaint as if fully set forth herein.

20. Defendant is attempting to use the Specific Fund—depleting that asset—for improper means to pay a settlement for which only he and GKD benefit at the expense of the Dunne Children.

21. If the Specific Fund is used, it will be completely depleted and the Dunne Children will be left with no means at law to recover the fund or be compensated.

22. John Dunne has no right to use the Specific Fund as intended.

23. The GKD Settlement is to be finalized and the Specific Fund spoliated immediately—by no later than next week.

24. The Dunne Children have asked through their sole disinterested guardian for adequate assurances regarding the Specific Fund and Defendant has ignored the request for information and not responded. Attached hereto as **Exhibit B** is a true and correct letter to Yesreb, care of John Dunne and lawyer, David Lynch.

25. Accordingly, the Court should grant injunctive relief barring John Dunne from transferring or otherwise using the Specific fund without Court permission and or appoint Court Officer to look after the interest of the Dunne Children as it pertains to the Specific Fund.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows :

A. As for Count 1 – Declaratory Judgment that John Dunne cannot and should not use the Specific Fund for funding a settlement for claims against him and GKD;

B. As for Count 2 – Injunctive Relief barring John Dunne from improperly transferring or using the Specific Fund for any means other than to hold said Fund for the benefit of the Dunne Children.

C. For such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
January 30, 2020

                                                DUNNINGTON BARTHOLOW & MILLER LLP
*Attorneys for Sean Dunne as Parent, sole disinterested guardian, primary custodian and next friend to the Dunne Children*

By:    s/Luke McGrath
        Luke McGrath
        230 Park Avenue, 21st Floor
        New York, New York 10169
        (212) 682-8811
        LMcGrath@Dunnington.com

## VERIFICATION

SEAN DUNNE, declares subject to penalties of perjury under the laws of the United States as follows:

1. I have read the foregoing Complaint, know the contents thereof and the same are true and correct to my own knowledge, except where alleged upon information and belief, and with respect to those allegations, I believe them to be true.

_____
SEAN DUNNE

LONDON      )
            )ss:
ENGLAND     )

On the **30** day of **January** in the year 2020 before me, the undersigned, personally appeared Sean Dunne, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

_____
34/20

Sukhpal Matharoo
Solicitor & Notary Public
Apex Plaza, Forbury Road
Reading RG1 1AX, England